GLICKSTEIN, Judge.
This is an appeal from an order on an interim accounting, the practical effect of which was to conclude a widower was entitled to all of the undistributed interest on the deceased wife’s unmatured E Bonds which had not been distributed to her prior to her death. We reverse with direction to enter an order consistent herewith.
Mildred Firman Berger acquired Series E Bonds issued from 1967 through 1972 which had a 30 year maturity. In January, 1994, then married to Herman Berger, she established a revocable trust which provided:
ARTICLE II — ADMINISTRATION DURING THE LIFETIME OF SET-TLOR
A. During the lifetime of the Settlor, the Trustee shall pay all of the net income, if any, to the Settlor, in convenient installments at least as often as monthly. In addition, the Trustee shall pay to the Set-tlor, from the principal of the Trust, so much as the Trustee deems necessary for the welfare, support and comfort of the Settlor in her accustomed manner of living.
B. During any period of Settlor’s lifetime in which, in the sole judgment of any successor Trustee hereunder, it is for any reason inconvenient, inadvisable, or impossible for Settlor to act in her own behalf with respect to this trust, the distribution required in paragraph A, above, shall terminate and such Trustee shall distribute from time to time: (I) for the support, health, and maintenance in the previously accustomed manner of living of Settlor and her husband, (ii) for the discharge of any obligation which, in such Trustee’s opinion, is legally enforceable against Settlor, and (in) for any other purpose or purposes which such Trustee believes to be directly beneficial to Settlor, so much of the assets then contained in this trust, even to the exhaustion thereof, as such Trustee, in such Trustee’s sole and absolute discretion, deems necessary or advisable.
[[Image here]]
*413 ARTICLE V — DISTRIBUTION OF TRUST UPON DEATH OF SETTLOR
Upon the death of the Settlor, the Successor Trustee shall distribute the trust as follows:
A. The Settlor’s husband, HERMAN BERGER, if living, shall receive a life estate in the settlor’s home and all furniture and furnishings therein located at 9520 S. Hollybrook Lake Dr., Pembroke Pines, FL 33025. Upon the death of the Settlor’s husband, the property shall be distributed pursuant to Paragraph B.2 below. This bequest shall pass free of estate taxes.
B. The rest, residue and remainder of the trust shall be distributed as follows:
1. One-third (1/3) to be continued in trust for the benefit of the Settlor’s husband, HERMAN BERGER, if living. The Successor Trustee shall pay to or for the benefit of the Settlor’s husband the net income from the trust during his lifetime on a monthly basis. The Successor Trustee or Personal Representative may elect to have a specific portion or all of the Marital Deduction Trust treated as qualified terminable interest property for Federal estate tax purposes. Upon the death of the Settlor’s husband, the balance shall be distributed pursuant to Paragraph 2 below.
2. Two-thirds (2/3) to the Settlor’s brother, DONALD MESTER, and nephews, BRADLEY P. MESTER, DR. STEPHEN W. MESTER and BARRY GEN-DLER, in equal shares, per stirpes.
On the same day, she executed her will, leaving tangible items to her brother and nephews, with the residue to be added to the principal of her trust. She died six months later; and the interim accounting was for the next twelve months. In the accounting, the personal representatives listed the E Bonds as follows:
U.S. Savings Bonds Series “E” Bonds (Schedule Attached Items 1-86)
Face Value 79,875.00
Interest accrued to date of death 343,563.60
They then added both figures and included the total in the other assets as “Total Principal Received.” The 706 was prepared in August, 1995, and showed under Schedule “G” — Transfers During Decedent’s Life. U.S. Savings Bonds Held by the Mildred Firman Berger T/U/A Dtd. 9/27/94:
Face Value of “E” Bonds 79,875.00
Interest Earned 343,563.60
Total 423,438.60
Appellee’s objection was the inclusion of interest accrued to date of death as principal in violation of section 738.04(3), Florida Statutes. Appellants’ response was that accrued interest on the date of death was not to be paid to Herman Berger, with which the trial court disagreed, saying:
As to objection 3, the Court finds that under Article 11(A) of The Mildred Firman Berger Revocable Trust Agreement, the net income of the Trust was distributable to the Settlor, Mildred Firman Berger. Therefore, pursuant to Florida Statute 738.04(4)(c), upon the death of Mildred Fir-man Berger, her estate was entitled to the periodic interest payments accrued to the date of her death. [1] That portion of the total $351,731.00 of accrued interest that is attributable to periodic payments is governed by F.S. 738.04(2)(b), and as such, the periodic payments accrued as of the date of death are principal and were properly allocated as such. [2] However, with respect to the $343,563.00 of accrued interest attributable to Series E bonds, neither F.S. 738.04(4) nor F.S. 738.04(2) applies, since the interest accrued on said Trust assets was not “undistributed”, “due”, or “periodic”. Therefore, the Series E bond interest accrued as of the date of death of Mildred Firman Berger is governed by F.S. 738.04(3) which provides that
“In all other cases, any receipt from an income-producing asset is income even though the receipt was earned or accrued in whole or in part before the date when the asset became subject to the trust.”
Furthermore, pursuant to F.S. 738.03, income includes money received as “(e) Accrued increment on bonds or other obligations issued at discount as provided in s. 738.07(2).” However, distribution of the Series E bond interest allocable to the trust for the benefit of Herman Berger *414 (consisting of one-third of the remaining assets of the Mildred Firman Berger Trust), is subject to F.S. 738.07(2), discussed below in connection with objection^”.
As to objection “4”, F.S. 738.07(2) provides that the increment in value of a bond bearing no stated interest but payable in the future is distributable as income. The Court concludes that this provision applies both to the portion of the Series E bond interest accrued on trust assets before death and also to the increments in value accrued after death and that these amounts are income. The question thus presented is what is the obligation of the Trustees to distribute accrued, but unrealized, trust income through principal distributions or through disposition of the bonds. Based on the record before this Court, the Court will not at this time compel the Trustees to distribute the Series E bond income to Herman Berger.
(Footnotes omitted).
In this appeal, appellants now argue that even if the accrued interest prior to her death was income, not principal, it still should have been payable to the decedent’s estate not to the beneficiaries of the income after her death. Appellee argues that the accrued interest was not “realized” as income until the bonds were used to fund the successor trust and thus, Mildred’s estate was not entitled to the accrued interest as “undistributed income.”
Section 738.03(1), Florida Statutes (1995), provides:
738.03 Income; principal; charges.—
(1) “Income” is the return in money or property derived from the use of principal, including return received as:
(a) Rent of real or personal property, including sums received for cancellation or renewal of a lease.
(b) Interest on money lent, including sums received as consideration for the privilege of prepayment of principal, except as provided in s. 738.07(1) on bond premium and bond discount.
(c) Income earned during administration of a decedent’s estate as provided in s. 738.05.
(d) Corporate distributions as provided in s. 738.06.
(e) Accrued increment on bonds or other obligations issued at discount as provided in s. 738.07(2).
(f) Receipts from business and farming operations, as provided in s.738.08.
(g) Receipts from disposition of natural resources, as provided in ss. 738.09 and 738.10.
(h) Receipts from other principal subject to depletion, as provided in s. 738.11.
(i) Receipts from disposition of under-productive property as provided in s. 738.12.
Section 738.04(1), (2), (3) and (4), Florida Statutes (1995), provides:
738.04 When right to income arises; apportionment of income.—
(1) An income beneficiary is entitled to income from the date specified in the trust instrument or, if none is specified, from the date an asset becomes subject to the trust. In the case of an asset becoming subject to a trust by reason of a will, it becomes subject to the trust at the date of the death of the testator even thought there is an intervening period of administration of the testator’s estate.
(2) In the administration of a decedent’s estate or upon an asset becoming subject to a trust by reason of a will:
(a) Receipts due but not paid at the date of death of the testator and principal.
(b) Receipts in the form of periodic payments, including rent, interest, or annuities, except as provided in paragraph (c) and other than corporate distributions to stockholders, distributions from mutual funds, and dividends from savings banks and savings and loan associations, not due at the date of the death of the testator shall be treated as accruing from day to day. That part of the receipt accruing before the date of death is principal and the , balance is income.
(c) Anything contained in this subsection to the contrary notwithstanding, pro *415 ceeds from a qualified pension or profit-sharing plan, including, but not limited to, corporate plans, partnership and individual self-employment retirement plans, and individual retirement accounts, as those terms are used in the Internal Revenue Code of the Unites States as from time to time amended, which are received or paid in installments or annuity payments shall be principal, except to the extent of interest or other income earned on such proceeds after the death of the testator.
(3) In all other cases, any receipt from an income-producing asset is income even though the receipt was earned or accrued in whole or in part before the date when the asset became subject to the trust.
(4) On termination of an income interest, the income beneficiary whose interest is terminated, or his estate, is entitled to:
(a) Income undistributed on the date of termination.
(b) Income due but not paid to the trustee on the date of termination.
(e) Income in the form of periodic payments, including rent, interest, or annuities, other than corporate distributions to stockholders, distributions from mutual funds, and dividends from savings banks and savings and loan associations, not due on the date of termination, accrued from day to day.
Section 738.07(1) and (2), Florida Statutes (1995), provides:
738.07 Bond premium and discount.—
(1) Bonds or other obligations for the payment of money are principal at their inventory value. No provision shall be made for amortization of bond premiums or for accumulation for discount. The proceeds of sale, redemption, or other disposition of the bonds or obligations are principal.
(2) The increment in value of a bond or other obligation for the payment of money bearing no stated interest but payable at a future time in excess of the price at which it was issued or purchased, if purchased after issuance, is distributable as income. If the increment in value accrues and becomes payable pursuant to a fixed schedule of appreciation, it may be distributed to the beneficiary who was the income beneficiary at the time of increment from the first principal cash available or if none is available, when the increment is realized by sale, redemption, or other disposition. When unrealized increment is distributed as income but out of principal, the principal shall be reimbursed for the increment when realized.
The Code of Federal Regulations deals with E Bonds. Section 316.2(e) provides:
(e) Investment yield (interest). The investment yield (interest) on Series E bonds is defined in paragraphs (c) and (d) of s. 316.8. Beginning in the third month from its issue date, a bond increased in redemption value on the first day of each month, up to and including the thirtieth month from issue date, so as to provide for such period an investment yield of no less than 4 percent per annum, compounded semiannually. Thereafter, its redemption value increases at the beginning of each successive half-year period. The interest is paid as part of the redemption value.
In our view, the decedent was entitled to the increment in value up until the time of her death pursuant to sections 738.03(l)(e), 738.04(1) and 738.07; and the trial court erred in concluding otherwise.
FARMER and KLEIN, JJ., concur.